RAILROAD *v.* SPENCE.

(*Jackson.*    June 17, 1897.)

1. RAILROADS. *Liability of unfenced, for killing stock defined.*

The liability of railroad companies having unfenced tracks, under Acts 1891, Ch. 101, for the killing or injury of animals by their moving trains, engines, or cars, except when the owner contributed thereto by his negligence or willfully procured it, is not limited to animals running loose, but applies to all animals, whether loose or in use or control of the owner. (*Post, pp. 220, 221.*)

Act construed: Acts 1891, Ch. 101.

Case cited: Railroad *v.* Stonecipher, 95 Tenn., 314.

2. SAME. *Contributory negligence that defeats suit for killing animal.*

It constitutes contributory negligence that will defeat recovery against a railroad company, whose track is unfenced, for the killing of a mule by its passing train, where the owner had, at the time of the accident, left the public road to save a short distance and ridden upon the railroad track in a cut, where he was concealed from view. (*Post. pp. 219, 221, 222.*)

Act construed: Acts 1891, Ch. 101.

---

FROM   WEAKLEY.

---

Appeal in error from Circuit Court of Weakley County.   JOHN R. BOND, J.

JOS. E. JONES for Railroad.

CHARLES M. EWING for Spence.

SNODGRASS, C. J.   The defendant in error sued
the railroad company, and obtained verdict and judg-
ment for twenty-five dollars, as damages for killing
his mule.   The suit was brought before a Justice
of the Peace, appealed to the Circuit Court, and
again appealed to this Court, both appeals being by
plaintiff in error.

The facts are agreed upon, and such statement
takes the place of detailed evidence in the bill of
exceptions.   They are substantially as follows: Spence
owned the mule, worth twenty-five dollars, and, while
riding it on a dirt road near the track of the rail-
road, left the dirt road to ride along the railroad
track through a cut, in order to save a short dis-
tance in his travel home.   While riding through this
cut, a passenger train turned a curve forty or fifty
yards from him, and caught his mule, the plaintiff
himself escaping by jumping off and running up the
embankment.   The railroad track was not fenced,
and no statutory precautions were observed by the
employes on the train when the accident occurred.

The defendant asked the Court to charge as fol-
lows:   " If the railway at the place where the
mule was killed was unfenced, and was at a point
away from the public crossing and distant from the
railroad yards, switches or station, and the owner
of the mule, the plaintiff, was guilty of contributory
negligence in the killing of the mule, by riding it
on the railroad track, or so near thereto as to be
struck by a passing train, then, and in that event,

the plaintiff cannot recover. Such contributory neg-
ligence would be a defense and a bar to any recov-
ery." This request to charge was to have the first
proviso of Sec. 2 of the Act of 1891, Ch. 101,
p. 220, known as the railroad fence law, applied to
the facts developed. The Circuit Judge was of opin-
ion that it did not apply, and refused to give it as
the law of the case. This is the only error as-
signed. The section in which this proviso occurs,
with two others, is as follows:

"SEC. 2. *Be it further enacted*, That any per-
son, company, or corporation, or lessee or agent
thereof, owning or operating any railroad within the
State of Tennessee, shall be liable for the value of
any horse, cow, or other stock killed, and reasonable
damage for any injury to any such live stock upon
or near the track of any railroad in this State,
whenever such killing or injury is caused by any
moving train or engine or cars upon such track;
*Provided*, That contributory negligence on the part
of the plaintiff, in any action or suit to recover
damages for such killing or injury, may be set up
as a defense; *But provided further*, That the allow-
ing of stock to run at large upon common unfenced
range, or upon inclosed land owned or in possession
of the owner of such stock, shall not be deemed
or held to be such contributory negligence; *Pro-
vided further*, That in any such suit or action,
proof of willful intent on the part of the plaintiff
therein to procure the killing or injury of any such

stock, in the manner aforesaid, shall defeat the recovery of any damages for such killing or injury.''

It is argued that the Circuit Judge put his refusal to instruct the jury, as requested, upon the ground that this Act had reference only to loose stock, or stock running at large, and though the Judge does not state his position, this, most probably, was the view he took of the law. We are unable to concur in this view. Nothing is said in the Act as to the situation or condition of stock killed or injured, whether loose or in use or control of owners. It is only when we come to the proviso that loose stock, or stock running at large, is mentioned, and then but to excuse the owner, who has allowed it so to run, from contributory negligence which might have been implied as existing and a defense under preceding terms of the section quoted. The Act fixes liability for the killing or injury to animals named or referred to therein when the road is unfenced, without reference to any other care or precaution the railroad company took to prevent it, and proof of observance of statutory precautions is irrelevant. *Railroad Co.* v. *Stonecipher*, 11 Pick., 314.

In this sweeping provision as to liability there are two exceptions, first, where the owner contributed to the killing by his negligence, and, second, where there appeared a willful intent on the part of the owner to procure the killing or injury.

Whatever would show either of these acts of neg-

ligence or willful intent on the part of the owner, might be shown as a defense and to defeat a recovery, except that it should not be deemed to be contributory negligence that the animal killed, if a loose animal, or one running at large, was so loose and at large by the allowance of the owner upon inclosed land owned or in his possession, or upon common unfenced range. The language, therefore, does not make the Act mean only to provide for killing or injury to loose animals, but is specific in reference to all animals, however killed or injured by a railroad train, and merely limits the range which the evidence as to contributory negligence might take' by excluding (as to loose stock) the proof of the fact that the owner allowed them to run at large, and this by making such fact not contributory negligence, as under certain circumstances it might otherwise have been.

If the railroad companies do not fence their tracks, as the law now stands, they are liable for all loose stock killed or injured, but they are not liable for that ridden, driven, carried, or tied on the track by the owner with intent that it shall be killed or injured, or in such way that his act was so negligent as to be contributory to the killing or injury. The case under consideration shows the propriety, as well as justice, of these exceptions to the rule of absolute liability. The plaintiff left his road in order to save forty-six feet in distance, ventured into a cut where he was concealed by a curve, and took the

chance of getting himself and mule killed and wrecking any train that might be forced to pass through at the same time. This was contributory negligence, and such as is clearly within the contemplation of the statutory proviso.

The judgment is reversed, and case remanded for a new trial.